

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 23, 2023

**BY ECF AND EMAIL**
The Honorable Richard M. Berman
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    <u>United States v. Robert Hadden</u>, S2 20 Cr. 468 (RMB)

Dear Judge Berman:

      The Government respectfully submits this letter in response to the defense's objections and requests following the Government's rebuttal today.  For the reasons that follow, each of the defense's arguments is meritless and the Court's current instructions are sufficient.  No curative instructions are necessary.

**I.**    **The Defense's Characterization of the Defendant's Guilty Plea is Patently False—and No Curative Instruction Is Warranted**

      No curative instruction is necessary or appropriate regarding the Government's plainly true factual statement distinguishing the conduct the defendant pled guilty to (assaults of Laurie Kanyok and Isabella Hernandez) from the conduct he did not plead guilty to (any conduct regarding Emily Anderson, Sara Stein, Melissa Taylor, or Kate Evans).  The defense claim that the defendant pled guilty to sexually assaulting Emily Anderson, Sara Stein, Melissa Taylor, and Kate Evans is <u>patently false</u>.  The defendant pled guilty in state court in 2016 to sexually assaulting Laurie Kanyok on June 29, 2012, and Isabella Hernandez on May 7, 2012.  He did not admit to any abuse of Ms. Anderson, Ms. Stein, Ms. Taylor, or Ms. Evans, the four statutory victims in this case.  Accordingly, the Government's statements in rebuttal that the defendant did not plead guilty to sexually abusing the four statutory victims in this case were factually accurate—and the defense allegation that the Government misled the jury by stating these facts is also <u>simply untrue</u>.

      The defense has tried to mislead the jury into believing that the defendant somehow admitted guilt or accepted responsibility as to certain victims other than Ms. Kanyok and Ms. Hernandez because of the state guilty plea's "coverage provision."  (GX 50-R at 3 ("The People further agree that the defendant will not be prosecuted [by the Manhattan District Attorney] for any similar crimes which are known to the District Attorney's office as of on or before February 22, 2016.")).  But the coverage provision in no way means that the defendant pled guilty to abusing victims other than Ms. Kanyok and Ms. Hernandez.  He did not.  All the coverage provision means is that the defendant was granted immunity by the Manhattan District Attorney's Office for certain other acts of abuse "known" to that Office as of 2016.  That is fact.  And the defense's attempts to portray the coverage provision as admissions of guilt are misleading and misguided.  Indeed,

defense counsel has already received a windfall by the admission of just the coverage provision without the fact of his nonincarceratory sentence, inviting the jury to infer that he has served substantial incarceratory punishment when, in fact, he did not. By no means should the defendant be able to compound this windfall by prohibiting the Government from distinguishing the charges that he pled guilty to from those he did not.

The Government also notes that the defense's requested language regarding the plea is relevant to no proper purpose but only to support arguments fundamentally sounding in nullification. As it did during its opening statement, the defense heavily stressed themes of nullification in its closing arguments. (*See* Tr. 1077 (claiming, in describing plea, "He accepted responsibility"); *id.* at 1077 (displaying and reading coverage provision, with no discussion of how it is relevant to any element of the offense); *id.* at 1079 (suggesting, contrary to representation in motion *in limine* briefing, that Government brought case because it did not "like" Hadden)). Given that the Court is already planning to instruct the jury that whether or not the defendant fully accepted responsibility in state court or was punished enough in state court is not relevant to any issue they will have to decide, there is no purpose behind providing more detail regarding a provision that bears only on such punishment——particularly where they have already been left with an impression that is *not* in accordance with the reality of what happened in the state case—and acceptance of responsibility arguments.

Accordingly, because the Government did not misstate what the defendant pled guilty to in state court in 2016, no curative instruction is warranted. Any curative instruction requested by the defendant would be factually inaccurate.

## II. The Defense's Requested Definition of Inducement Is Unsupported By the Law—and No Curative Instruction Is Warranted

The defense requested a curative instruction on the definition of "inducement" because, according to the defense, the Government described the defendant's inducement in rebuttal as "asking" victims to return. (Trial Tr. at 1108 ("And that was done repeatedly by saying , that asking a patient to come back is enough.")). But the Government did not characterize the defendant's inducement as "asking," as evidenced by the trial transcript. *See* Ex. A (draft transcript of rebuttal summation). Accordingly, there is no basis to modify the Court's instruction on inducement.[1]

---

[1] It is also worth noting that, in addition to lacking a factual basis, the defense request misstates the law as well. The defense has claimed that *United States v. Waqar*, 997 F.3d 481 (2d Cir. 2021) stands for the proposition that "asking" does not amount to inducing. But that is not what *Waqar* says. The Second Circuit explained that "[a]lthough . . . there may be some uncertainty as to the precise demarcation between 'persuading,' which is criminalized and 'asking,' which is not, . . . the statute's terms are sufficiently definite that ordinary people using common sense [can] grasp the nature of the prohibited conduct." *Id.* at 485 (quoting *United States v. Gagliardi*, 506 F.3d 140, 147 (2d Cir. 2007) (internal quotation marks omitted). The Second Circuit "reject[ed] the notion . . . that 'asking' does not become 'persuading' until the minor being asked has said 'no.'" *Id.*

Instead, the defense attempts for a curative instruction should be seen, not as a response to any error in rebuttal, but as a further attempt to alter the definition in the jury charge.[2] Although the Government does not believe the charge should be modified, it notes that a complete statement of the law would be contrary to the defense's requested position and contrary to their arguments in summation. Specifically, in *United States v. Broxmeyer*, 616 F.3d 120 (2d Cir. 2010), the Second Circuit described these terms as follows:

> 'Persuade,' 'induce,' and 'entice' are in effect synonyms. The idea conveyed is of one person leading or moving another by persuasion or influence, as to some action, state of mind, etc., *or to bring about, produce, or cause*.

*Id.* at 125 (internal citations, quotation marks, and brackets omitted, emphasis added). Tellingly, the defense declined to request *Broxmeyer*'s definition of these terms in the request to charge because it did not want the jury to be instructed that these words mean "to bring about, produce, or cause." *Id.* But that is the law.

The defense wants the jury to be instructed that these terms do not have their "ordinary, everyday meanings," but rather, require "something extra" beyond what the Government argued, which was that they convey causing a person to do something or convincing them it was a good idea. (Tr. at 1048 ("So words such as enticement and inducement, typically mean something extra. An inducement or an enticement is usually an extra act or an extra benefit.")). Again, that is simply not the law. The Government's arguments to the jury to that effect are entirely proper. Indeed, unlike the defense's arguments, the Government was simply responding to the defense's selective use of certain dictionary definitions to give an extra imprimatur of pseudo-authority to its arguments in support of its statutory reading.[3] The Government's arguments as to the everyday meaning of the words were not only fair responses to the defense's arguments, but were entirely proper arguments geared toward the jury's ultimate role as factual arbiters. Indeed, "[i]t is well established that the Government 'has broad latitude in the inferences it may reasonably suggest to the jury during summation.'" *United States v. Coplan*, 703 F.3d 46, 87 (2d Cir. 2012) (quoting *United States v. Edwards*, 342 F.3d 168, 181 (2d Cir. 2003)).

The Government submits that the Court's instructions, advising that the statutory terms have their plain and ordinary meanings, are sufficient. Should the Court provide any additional definition for these terms, the Government respectfully submits that fairness dictates the inclusion

---

[2] The Government understands from conversations with the defense that they, upon seeing that the Government did not in fact use the word "ask" in the manner described to the Court, may not maintain this request for additional language, but addresses these issues herein for completeness and in light of the Court's remarks that it was considering whether an additional definition of this term may be advisable.

[3] The Government notes that there are also dictionary definitions that support the Government's reading, *see, e.g.*, *Induce*, Cambridge English Dictionary, *available at* https://dictionary.cambridge.org/us/dictionary/english/induce ("to persuade someone to do something" or "to cause something to happen"), but believes that, as it maintained during today's proceedings, a battle of the dictionaries is not helpful to the jury or consistent with the Second Circuit's approach to this statute.

of the entire phrase from *Broxmeyer*, as quoted above. *Broxmeyer*, 515 F.3d at 125 (beginning with "'Persuade,'" and ending with "produce, or cause.").

### III. The Defense's Claim of Government Misconduct Is Baseless—And No Curative Instruction Is Warranted

As the Court has already instructed the jury – the parties' closing arguments are arguments. They are not evidence. In countless jury addresses delivered in this courthouse—and in countless submissions to the court—lawyers have attacked opposing counsel's arguments as "absurd" or "distractions." That is entirely proper. That is argument, not disparaging the defense.

Several of the defense arguments in this case, including in the defense's summation, have been, in the Government's view, entirely unsupported and even contradicted by the evidence. The Government is allowed to respond to the defense's arguments and make arguments to the jury that the defense's arguments are not established by the evidence. In rebuttal, prosecutors can make "legitimate responses" to defense counsel's arguments in closing. *See, e.g.*, *United States v. Rivera*, 971 F.2d 876, 883 (2d Cir. 1992) (finding no impropriety in prosecutorial argument that was an "attempt to focus the jury's attention upon the evidence and away from defense counsel's claims", citing cases); *see also id.* at 884 (affirming prosecutorial characterization of defense arguments as "ridiculous"); *United States v. Farhane*, 634 F.3d 127, 167 (2d Cir. 2011) ("The law has long recognized that summations —and particularly rebuttal summations—are not detached expositions, with every word carefully constructed before the event." (internal quotation marks, citations, and alterations omitted)). "A prosecutor is not precluded from vigorous advocacy, or the use of colorful adjectives, in summation." *Id.* (citing *United States v. Wilner*, 523 F.2d 68, 74 (2d Cir. 1975)).

The defense request for a curative instruction on the Government's arguments should be denied. The Court already instructed the jury, during the Government's rebuttal, that the closing arguments are arguments. Moreover, the Court's instructions already make clear that the parties' arguments are arguments. (Court's Jury Charge at 2 ("What the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions is not evidence.")).

\*      \*      \*

Accordingly, the defense has provided no basis for a curative instruction, and if any further definition of the statutory verbs is given—which the Government does not believe is necessary—it should include the full phrase from the Second Circuit's decision in *Broxmeyer*.

Page 5

        Respectfully submitted,

        DAMIAN WILLIAMS
        United States Attorney

by: s/_____
        Jane Kim
        Paul M. Monteleoni
        Lara Pomerantz
        Assistant United States Attorneys
        (212) 637-2038 / 2219 / 2343

cc:    Defense Counsel (By Email and ECF)