# Federal Defenders
## O F   N E W   Y O R K ,   I N C.

One Pierrepont Plaza-16th Floor, Brooklyn, NY 11201
Tel: (718) 330-1200 Fax: (718) 855-0760

David Patton
*Executive Director and*
*Attorney-in-Chief*

Deirdre D. von Dornum
*Attorney-in-Charge*

June 23, 2023

<u>Via ECF and Email</u>

The Honorable Richard M. Berman
U.S. District Judge
Southern District of New York
500 Pearl Street
New York, New York 10001

Re: *United States v. Robert Hadden*, No. 20-cr-468 (RMB)

Dear Judge Berman,

We write, in advance of the June 28th hearing, to respectfully state our objections to certain victim impact testimony and statements that the government intends to elicit on that date. We further request that the Court (1) direct the government to disclose to the defense prepared written statements for any speaker at least 24 hours in advance of the June 28 hearing, so that the defense may have an adequate opportunity to object and (2) counsel the speakers that each of their remarks must be limited to information pertaining to the "effect of the crime" on her and her family.[1]

We believe that this filing is necessary because we previously requested (in our May 11, 2023 filing [ECF No. 289] and related conversations with the government) advance written notice of any victim impact statements, and that the government's victim coordinator inform all victims of the appropriate legal parameters of victim impact statements. Given the paucity of the government's filing with regard to these matters, we believe that the Court needs to step in and address these constitutional concerns in advance of the June 28 hearing. The objections and requests we set forth below are intended not to frustrate the aims of sentencing, but to advance salutary goals, *i.e.*, to balance the defendant's due process and Confrontation Clause rights with the opportunity for persons affected by Mr. Hadden's conduct to give voice to the harms they have suffered. *See, e.g., United States v. Endsley*, 2009 WL 385864 (D. Kan. Feb. 17, 2009) (the victims' right to be treated "with fairness and with respect for dignity and privacy" does not

---

[1] We address here only our initial pre-hearing objections to the 11 people who the government has indicated wish to testify on June 28, 2023. As per the Court's scheduling order of May 11, 2023, we will address any further objections to the statements that are actually elicited, as well as to the remaining victim impact statements in our July 6, 2023 submission.

"impinge[] on a defendant's right to refute by argument and relevant information any matter offered for the court's consideration at sentencing."); *United States v. Rubin*, 558 F. Supp. 2d 411, 427-28 (E.D.N.Y. 2008) ("the Court refuses to adopt an interpretation of [sec. 3771](a)(8)] that prohibits the government [or the defendant] from raising legitimate arguments in support of its opposition to a motion simply because the arguments may hurt a victim's feelings or reputation.").

**Factual Background**

On June 20, 2023, the government gave notice of 11 people who wish to provide oral victim impact statements. *See* Exhibit A to Gov't Sentencing Submission, ECF No. 296 (sealed). Of those 11, only three testified at trial and were subject to cross-examination (Victims 1, 7, 15). Of those three, only one has also submitted a written victim impact statement (Victim 7). And of the remaining eight who have not been subject to cross-examination, only four have submitted written statements (Victims 11, 20, 87, 246). The government has not indicated, as to any of the 11, the nature of the victim impact statements they intend to present orally, despite its previous acknowledgment that a defendant is entitled to notice of both the identity and the nature of any proposed victim impact statement. *See* Gov't Letter of May 11, 2023, ECF No. 288. Moreover, a number of the proposed speakers have previously made victim impact statements that are highly prejudicial and outside the scope of victim impact.

Government had opportunity to present these witnesses at trial, where they could be subject to cross-examination. Government chose not to but now seeks to have the Court rely on them for sentencing.

**Objections**

I.    *No Person Should Testify At Sentencing Who Was Not Previously Subject to Cross-Examination.*

The Court has an obligation to sentence Mr. Hadden only on the basis of evidence that carries sufficient "indicia of reliability" such that its admission satisfies due process. *United States v. Martinez*, 413 F.3d 239, 243 (2d Cir. 2005). Here, Victims 9, 11, 12, 20, 22, 65, 87, and 246 have never been subject to cross-examination. The government had the ability to call each as a witness at trial, given the Court's broad ruling permitting the testimony of non-statutory victims. Indeed, five of these eight (Victims 9, 11, 12, 20, 22) were on the government's list of 404(b) witnesses. The government chose not to call them at trial, but now seeks to have the Court rely on their information at sentencing, by presenting their testimony when they are neither under oath nor subject to cross-examination. The other three proposed witnesses (Victims 65, 87 and 246) do not appear to have ever even been interviewed by law enforcement, let alone subject to adversarial testing of the reliability of their allegations.

This is no mere "technical" objection. For example, the written statements of Victim 20 and Victim 87 describe events allegedly occurring nearly 30 and 20 years ago, respectively. It is impossible for the defense to contest or investigate claims that are this remote without the benefit of cross-examination. Moreover, the defense has no advance notice, whatsoever, of the nature of the allegations of those victims who have not submitted written statements. Under these

circumstances, it is impossible for the Court to assure itself of the proposed oral statements' reliability.

Accordingly, the defense objects, pursuant to 18 U.S.C. § 3661, Federal Rule of Criminal Procedure 32, the Due Process Clause and the Confrontation Clause, to any person testifying at the sentencing hearing whose factual allegations have not been subject to cross-examination, and thus do not have sufficient indicia of reliability.[2] *See* Fed. R. Crim. Pro. 32; U.S.S.G. § 6A1.3; *United States v. Forsyth*, 2008 WL 2229268 (W.D. Pa. May 27, 2008) (excluding victim impact letter because author was not a "victim" under CVRA, and although "relevant" for sentencing purposes, it did not have sufficient reliability under the Due Process Clause given the age and uncorroborated nature of the allegations).  Thus, we ask that the Court preclude Oral Statement Numbers 3, 4, 5, 7, 8, 9, 10, and 11. *See* Exhibit A, "Victim Impact Statements (Oral)", to Gov't Sentencing Submission, ECF No. 296 (filed under seal).

II.   *The Defense Must Have Notice Of Factual Allegations That Will Be Made At Sentencing.*

As the government has previously acknowledged, "[a] defendant has a due process right to notice of, and an opportunity to challenge the accuracy of, information the district court intends to rely on in imposing sentence."  Gov't Letter of May 11, 2023, ECF No. 288 (citing *United States v. Berndt*, 127 F.3d 251, 257 (2d Cir. 1997)).  *See also United States v. Romano*, 825 F.2d 725, 730 (2d Cir. 1987) (Rule 32 and due process require notice of all relevant information that may be used in determining a defendant's sentence and opportunity to object).

Should the Court be inclined to permit, over defense objection, the testimony of the eight people whose factual allegations have not been subject to cross-examination, the defense asks that these eight witnesses be required to provide prepared statements in writing sufficiently in advance of June 28, 2023, so that the defense can submit any objections prior to the hearing, rather than being forced to stand up during the hearing and object.  This is the exact procedure the Court required, without objection from the government, in *United States v. Maxwell*, 20 Cr. 330 (AJN), ECF No. 686 (Order) (June 27, 2022) (allowing statutory victims to speak at sentencing and submit written impact statements and permitting three non-statutory victims to

---

[2] As discussed in our May 11, 2023, filing, only those four patients whom the jury convicted Mr. Hadden of inducing across state lines for the purpose of sexual abuse have the right to be heard at sentencing under the Crime Victims' Rights Act. 18 U.S.C. § 3771(a)(4).  *See* ECF No. 289. The Court has discretion to allow other persons to testify at sentencing, subject to constitutional limitations and the case law governing victim impact testimony.  We do not object to the Court permitting any patient who testified at trial, and thus was subject to cross-examination, to provide an oral and/or written victim impact statement (assuming the statements do not contain inadmissible assertions, such as a request for a particular sentence).  Our objection is to the Court allowing any alleged victim to testify whose allegations do not demonstrate the indicia of reliability provided otherwise by the process of interviews by law enforcement and cross-examination by the defense.

read a shortened version of a prepared statement at sentencing where all statements were provided to the defense in advance to allow for objections to be lodged prior to sentencing).

III.     *Victim Impact Statements (Both Oral and Written) Must Be Limited To The Effect Of The Crime On The Particular Victim And Her Family.*

The purpose of victim impact statements is to put before the sentencer information about the effect of the crime on the victim and her family.  *Payne v. Tennessee*, 501 U.S. 808 (1991).  The Supreme Court has not approved victim impact statements that give opinions about the defendant or about the appropriate sentence.  *See id.*; *see also United States v. Savage*, 970 F.3d 217, 299 (3d Cir. 2020) (noting that courts have held victim impact statements directly asking the jury for a death sentence violate the Eighth Amendment).  In addition, courts have explicitly excluded victim impact statements that are insufficiently reliable because they are uncorroborated, "stale," or depend on hearsay from others rather than personal experience.  *See, e.g. Forsyth*, 2008 WL 2229268, at *2 (excluding victim impact letter because author was not a "victim" under CVRA, and although "relevant" for sentencing purposes, it did not have sufficient reliability under the Due Process Clause given the age and uncorroborated nature of the allegations).

These concerns are not hypothetical in this case.  At the January 24, 2023, bail hearing, one of the victims who has asked to testify on June 28, 2023, yelled aspersions from the back of the courtroom during oral argument.  *See e.g.,* 1/24/23 Tr.  at page 1215: UNIDENTIFIED SPEAKER: "Could I just say one more thing. He's a sexual predator and we're allowing him to go home to two disabled people and care for them? That doesn't really make sense to me."

Moreover, a number of the people who have asked to testify on June 28 submitted written impact statements that include assertions outside the scope of victim impact.  In Written Impact Statement No. 2, Victim 7 labels Mr. Hadden "the demon" and states that for her the crime cannot be reconciled "with a prison term which will set a man free at the end of it."  Ex. B, at 3.  In Written Impact Statement No. 3, Victim 11 labels Mr. Hadden "a sexual predator", speaks to the harm she believes he has done to other, unnamed women, and asks that he "be punished to the maximum extent that the law allows."  Ex. B, at 4.   In Written Impact Statement 5, Victim 20 asserts that she, decades after her incident with Mr. Hadden, "learned he performed numerous unnecessary LEEPs on at least one [unnamed] woman," calls Mr. Hadden "a serial sex predator," says she "can't see any reason he should be treated differently by the criminal justice system from a man who has broken in to hundreds of homes or overtaken hundreds of women walking alone in a dark to rape or otherwise violate and terrorize them," and speculates about how Mr. Hadden's actions have torn at the social fabric more generally.  Ex. B at 10-11.  In Written Impact Statement No. 16, Victim 87 states, as to Mr. Hadden, "this person is monstrous."  Ex. B at 31.

Such assertions should be stricken from the written statements. Furthermore, each person who speaks on June 28 should be counseled that victim impact statements are limited to the effect of the crime on her and her family and that they must not contain factual allegations of

which they do not have personal knowledge, characterizations of the defendant, or requests for particular sentences.

Again, we believe that the Court must take affirmative steps in this regard to ensure that Mr. Hadden's due process rights, as well as his fundamental right to dignity at sentencing, be honored. *United States v. Ramirez*, 514 F. App'x 42, 45 (2d Cir. 2013) (recognizing "defendant's dignity as an individual entitled to a personal judgment" at sentencing). *See also Brooks v. Francis,* 716 F.2d 780, 289 (11th Cir. 1983) (Constitution forbids sentencing arguments that invite the finder of fact to make its decision in "a frenzied and emotional atmosphere.").

The defendant is "entitled" to "solemnity and "sobriety" in a system that "subscribes to any notion of fairness and rejects the verdict of a mob." *Murphy v. Florida*, 421 U.S. 794, 799 (1975).

Respectfully submitted,
/s/
Deirdre D. von Dornum
Michael D. Weil
Kathryn Wozencroft
Federal Defenders of New York
*Counsel for Robert Hadden*

cc:     Counsel of Record (via ECF)

U.S. Probation Officer Ashley Geiser